IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PIERRE JULES, | : |
| | : |
| Petitioner | : CIVIL NO. 4:CV-06-0234 |
| | : |
| v. | : (Judge Jones) |
| | : |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : |
| | : |
| Respondents | : |

## ORDER

February 13, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, Pierre Jules ("Petitioner" or "Jules"), filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Jules challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Specifically, he claims his continued detention violates his substantive and procedural due process rights under the United States Constitution. Based on Zadvydas v. Davis, 533 U.S. 678 (2001), the Court will refer the petition to the ICE as a request for review under 8 C.F.R. § § 241.4 and 241.13.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

On May 28, 1986, Jules, a native and citizen of Haiti, entered the United States as an immigrant. On February 16, 2000, he was convicted in the Court of Common Pleas for Lehigh County, Pennsylvania, for Possession with Intent to Deliver a Controlled Substance and Conspiracy to Possess with Intent to Deliver a Controlled Substance, to wit; Cocaine, in violation of 35 Pa. C.S.A. § 780-113(a)(30) and 18 Pa. C.S.A. § 903, respectively.

In a Notice to Appear dated March 10, 2000, Petitioner was charged with removability pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii) and (a)(2)(B)(i), as an alien convicted of an aggravated felony as defined in § 101(a)(43) of the INA, 8 U.S.C. § 1101 (a)(43) and as an alien convicted after his admission to the United States of an aggravated felony (alien who is or has been illegal trafficker of controlled substance). By Order dated April 12, 2005, an Immigration Judge in York County, Pennsylvania, found petitioner removable as charged. Jules filed an appeal of the decision of the Immigration Judge to the Board of Immigration Appeals. In a decision dated July 27, 2005, the BIA affirmed the decision of the Immigration Judge and dismissed Jules' appeal. Petitioner, states that, to date, the ICE has been unable to remove him to Haiti.

On November 20, 2005, Petitioner received his first custody review. In December,

2

2005, Petitioner received a decision from the District Director to continue his detention. The District Director informed Jules that control of his custody case was being transferred to ICE Headquarters Post Order Detention Unit ("HQPDU"). On December 23, 2005, Petitioner states that he "mailed out a copy of letters of support to the HQPDU and request to be released on supervision and Petitioner has not heard anything from INS Headquarters since the case was transferred." (Rec. Doc. 1, Exhibit 5). Petitioner claims that he has "fully cooperated with the request of his deportation officer such as photographs, fingerprints, and any other information about himself." (Rec. Doc. 1). Thus, Petitioner claims that he is trying to facilitate his release from detention. On January 31, 2006, Jules filed the instant petition for writ of habeas corpus in which he seeks to be released.

**DISCUSSION**:

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(I)  The date the order of removal becomes administratively

3

> final.
>
> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) and (6).

The issue of whether § 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation has been resolved by the Supreme Court in Zadvydas, 533 U.S. 678, 121 S.Ct. 2491 (2001). Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. To establish uniformity in the federal courts, the court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 2505. The Court further directed that if the alien provides good reason to believe that there is no significant

likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id. The Court stated that not every alien must be released after 6 months; but, rather, an alien may still be detained beyond six (6) months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Following the Supreme Court's decision in Zadvydas, regulations have been promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the 90 day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(l)(I). Such a review was conducted in regards to Jules and his release was denied. When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the ICE Headquarters Post-order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(l)(ii). Although Jules was notified by the District Director that his case was being referred to the HQPDU, he states that he has yet to be notified when his situation will be addressed.     Thus, inasmuch as Petitioner herein challenges his continued detention by filing a petition for writ of

habeas corpus under section 2241, is beyond the 90 day mandatory detention period, and there is no indication that he has had a further custody review by the HQPDU, Respondents are instructed to treat, as of this date, the petition as a request for release under 8 C.F.R. 241.13. Section 241.13: establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he...was ordered removed...in the reasonably foreseeable future. 8 C.F.R. § 241.13(a). The ICE shall respond to the request within 30 days. Having referred the matter to the government for disposition under existing review procedures, the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed *in forma pauperis* (doc. 2) is **GRANTED** only for the purpose of filing the instant action.

2. Respondents are directed to treat, as of the date of this Order, the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. § 241.4 and 241.13. The ICE shall respond to the request within 30 days.

3. The petition for writ of habeas corpus is **DISMISSED** without prejudice.

4. The Clerk of Court is directed to **CLOSE** this case.

                                                                <u>s/ John E. Jones III</u>
                                                                John E. Jones III
                                                                United States District Judge